IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*Stip does not affect confirmed plan*

| | | |
|---|---|---|
| AnnMarie Preston-Raj<br>Debtor | | CHAPTER 13 |
| MIDFIRST BANK<br>Movant<br>vs.<br>AnnMarie Preston-Raj<br>Debtor | | NO. 16-15698 ELF |
| William C. Miller Esq.<br>Trustee | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$5,737.69**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | March 2019 to July 2019 at $1,552.62/month |
| Late Charges: | March 2019 to July 2019 at $45.12/month |
| Fees & Costs: | $250.00 |
| Suspense Balance: | $2,501.01 |
| **Total Post-Petition Arrears** | **$5,737.69** |

2. The Debtor(s) shall cure said arrearages in the following manner;

   a). The Debtor will make a down payment in the amount of **$4,852.62** on or before July 31, 2019;

   b). The Debtor will pay the remaining arrears of **$885.07** on or before August 31, 2019;

   c). The payment due for August 1, 2019 in the amount of $1,552.62 will be paid on or before August 31, 2019;

   d). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 10, 2019

By: /s/ Rebecca A. Solarz, Esquire
Rebecca A. Solarz, Esquire
Attorney for Movant

Date: July 12, 2019

Carol B. McCullough, Esquire
Attorney for Debtor

Date: July 15, 2019

William C. Miller, Esquire
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights and remedies.

Approved by the Court this ____ day of _____, 2019. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Eric L. Frank